IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| REYES CARILLO, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No. 09-C-5796 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable David H. Coar |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this Court is a motion to correct a sentence filed by Reyes Carillo ("Petitioner") pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this motion is DENIED.

## BACKGROUND

On July 29, 2003, Petitioner was convicted after a jury trial of conspiracy, drug trafficking, and attempted possession with intent to distribute in violation of 21 U.S.C. §§ 841, 846, and 952. This Court sentenced defendant to 372 months' imprisonment on March 19, 2004.

Defendant appealed his conviction to the Seventh Circuit, which affirmed the verdict and sentence on January 27, 2006 and December 21, 2006, respectively. *See United States v.Carillo*,

1

435 F.3d 767 (7th Cir. 2006); *United States v.Carillo*, 209 F.App'x. 583 (7th Cir. 2006). Defendant's subsequent petitions for writ of certiorari were denied. *See Miranda v. United States*, 547 U.S. 1174 (2006); *Carillo v. United States*, 551 U.S. 1172 (2007).

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir.1 995) (internal quotations and citations omitted). If the reviewing court determines that any such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).

# ANALYSIS

Petitioner challenges the validity of his sentence in light of the recent Supreme Court case *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009). Petitioner argues that *Melendez-Diaz* stands for the proposition that the testimonies of cooperating witnesses must be supported by "additional corroborating evidence," including police records, affidavits, criminal complaints, and "true forensic evidence." (Dkt. [1] at 2, 6.) Petitioner maintains that, due to the absence of such corroborating evidence, the testimony of cooperating witness Oscar Diaz was insufficient to hold Petitioner accountable for the bulk of the activity alleged in his indictment. (Dkt. [1] at 6.)

The Court finds no support for Defendant's proposition in the language of *Melendez-Diaz*. The Supreme Court in *Melendez-Diaz* found that the admission of certificates showing the results of forensic analysis performed on seized substances in a cocaine trafficking trial violated the Sixth Amendment. *Id.* at 2532. The Supreme Court held that, "[a]bsent a showing that the analysts were unavailable to testify at trial and that petitioner had a prior opportunity to cross-examine them, petition was entitled to 'be confronted with' the analysts at trial." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 54 (2004)). In reversing the trial court's judgment, the Supreme Court concluded that "[t]he Sixth Amendment does not permit the prosecution to prove its case via *ex parte* out-of-court affidavits, and the admission of such evidence . . . was error." *Id.* at 2542.

The Supreme Court's holdings in *Melendez-Diaz* thus have little bearing on Petitioner's case. Rather than submitting affidavits, witness Oscar Diaz testified personally at trial. As such, Petitioner had ample opportunity to exercise his Sixth Amendment rights and cross-examine Diaz.

Petitioner does mention that lab results were admitted at his trial without personal testimony from the analyst, but fails to pursue the point. (Dkt. [1] at 1.) The effort would have been wasted in any event. At trial, Petitioner stipulated to the testimony of the forensic chemist who analyzed the seized substances. Specifically, Petitioner stipulated that the chemist, "an expert trained to make chemical analyses of unknown substances to determine their weights and compositions," tested the substances "in accordance with generally accepted standards of chemical analysis," establishing that "Exhibit 1 contains a white powdery substance weighing approximately 1,797 grams of 92% pure heroin; and Exhibit 2 contains a white powdery substance weighing approximately 271.6 grams of 80% pure cocaine." In his motion, Petitioner never challenges the analyst's stipulated testimony as a violation of his Sixth Amendment rights; the absence of this implausible argument makes the relevance of *Melendez-Diaz* even more remote.

Finally, Petitioner has not shown the Court why his motion should be considered after the expiration of the one-year statute of limitations. When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, it imposed a one-year "period of limitation" on all motions made under § 2255. *See* Pub.L. No. 104-132 § 105, 110 Stat. 1214 (1996). That period is triggered by the latest of four events, in this case "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Inexplicably, Petitioner brings this motion more than two years after his writ for certiorari was denied.[1] *See United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir.) (finding that, for defendants who unsuccessfully try to take their cases to the

---

[1] The time period may also begin on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). But even if *Melendez-Diaz* were applicable to this case, it would not apply retroactively. *See Teague v. Lane*, 489 U.S. 288 (1989) (new rule of constitutional law cannot be applied retroactively on federal collateral review unless it forbids criminal punishment of primary, individual conduct or is a "watershed" rule of criminal procedure); *Larkin v. Yates*, No. CV 09-2034, 2009 WL 2049991, at *2 (C.D. Cal. July 9, 2009) ("assuming without deciding that Melendez-Diaz announced a new rule of law . . . petitioner would not be entitled to the benefit of such a new rule.").

4

Supreme Court, the statute of limitations for §2255 is triggered by the denial of a petition for certiorari), *cert. denied*, 531 U.S. 878 (2000).

## CONCLUSION

For the foregoing reasons, Petitioner's motion to correct a sentence under 28 U.S.C. § 2255 is DENIED.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **December 3, 2009**